Case No. 2:19-cv-06125-FMO-KES                     Date: July 25, 2019

Title:  JARRED E. CHANEY v. DAVID BAUGHMAN

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Denise Vo | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):          **Order Screening Petition, Dismissing with Leave to Amend.**

       On July 9, 2019, Petitioner Jarred E. Chaney ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. 1.)  In 2014, a jury convicted Petitioner of two counts of residential burglary (Cal. Pen. Code § 459) and one count of fleeing a pursuing peace officer (Cal. Veh. Code § 2800.4), sentencing him to 64 years to life. (Id. at 2.)  The Court screened the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, as explained below, dismisses the Petition with leave to amend.

       Petitioner indicates that he directly appealed his conviction to the California Court of Appeal, raising the following grounds for relief: (1) insufficient inquiry into Petitioner's request to represent himself, (2) the prosecutor failed to turn over evidence, and (3) the trial court erred in failing to appoint Petitioner new counsel. (Id. at 2-3.)  Petitioner indicates that he raised the same grounds for relief in a petition for review before the California Supreme Court. (Id. at 3.)

       Under the section in the Petition for the grounds for habeas relief, Petitioner states: "Petitioner is asking this Court before the time is up to file this writ in federal court, to exhaust all state remedies first." (Id. at 5.)  Petitioner intends to exhaust "the sentence issue and ineffective assistance of counsel." (Id.)  Petitioner indicates that he has a habeas petition pending in the Second Appellate District (id. at 31), but the California courts' online database reveals no such pending petition. See https://appellatecases.courtinfo.ca.gov/.

Because the Petition does not set forth Petitioner's grounds for relief, it fails to comply with the Rules Governing Section 2254 Cases in the United States District Courts.  Rule 2 provides as follows: "The petition must: (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground …."  Rule 2, Rules Governing Section 2254 Cases in the United States District Courts.  In other words, Petitioner must include in the Petition all his grounds for relief with supporting facts.

Once he files a habeas petition explicitly setting forth his grounds for relief with supporting facts, Petitioner can then move for a stay of these proceedings while he exhausts any unexhausted grounds for relief in state court.  Petitioner can move for a stay under Rhines v. Weber, 544 U.S. 269 (2005) or Kelly v. Small, 315 F.3d 1143 (9th Cir. 2003).

Under Rhines v. Weber, a district court has discretion to stay a wholly or partially unexhausted petition to allow a petitioner to exhaust his claims in state court without running afoul of the one-year statute limitations period under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  544 U.S. at 273-75.  A district court may stay a petition if: (1) the petitioner has good cause for his failure to exhaust his claims earlier; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics.  Id. at 278.

Alternatively, the Court may grant a stay under Kelly v. Small, which does not have the Rhines "good cause" requirement.  See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  A Kelly stay and abeyance requires compliance with the following three-step procedure: (1) petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) petitioner must subsequently seek to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition."  Id. at 1135.  Under Kelly, however, the petitioner is only allowed to amend newly-exhausted claims back into his federal petition if the claims are timely under AEDPA or "relate back" to the exhausted claims in the pending petition.  Id. at 1140-41.

In other words, if Petitioner intends to move for a Rhines stay, then he should set forth all grounds for relief (exhausted and unexhausted) in his Petition; in his stay motion, he should explain his "good cause" for failure to previously exhaust his unexhausted claims.  If Petitioner intends to move for a Kelly stay, then he should include only exhausted claims in his Petition; in his stay motion, he should set forth the grounds for relief he intends to exhaust in state court.

Therefore, the Petition is hereby DISMISSED with leave to amend.  **On or before August 26, 2019**, Petitioner shall file a First Amended Petition.  The First Amended Petition should bear the docket number assigned to this case (2:19-cv-06125-FMO-KES), be labeled "First Amended Petition," and be complete in and of itself without reference to the original Petition or any other documents (except any documents that are attached to the First Amended Petition as exhibits).  With the First Amended Petition, Petitioner shall file a motion for a stay

under <u>Rhines</u> or <u>Kelly</u>.


                                                                     Initials of Deputy Clerk: DV